IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2024

## MICKEY VERCHELL SHANKLIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-22-198          Donald H. Allen, Judge**
_____

**No. W2024-00328-CCA-R3-PC**
_____

Petitioner, Mickey Verchell Shanklin, appeals the post-conviction court's order denying his petition for post-conviction relief in which he challenged his convictions for the sale of heroin, the delivery of heroin, the sale of fentanyl, and the delivery of fentanyl and his effective sentence of thirty years of imprisonment as a Range III, persistent offender. On appeal, Petitioner asserts that trial counsel was ineffective in failing to submit the controlled substance for independent testing. Because Petitioner filed an untimely notice of appeal, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

William J. Milam, Jackson, Tennessee, for the appellant, Mickey Verchell Shanklin.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts and Procedural History

Petitioner and his two co-defendants, Whitney Marie Sells and Cedric Peter Hopgood, a.k.a. Cedric Peter Price, were indicted on multiple offenses for selling a substance containing both heroin and fentanyl to a confidential informant on September 5, 2018. *See State v. Shanklin*, No. W2019-01460-CCA-R3-CD, 2021 WL 3485939, at *1

(Tenn. Crim. App. Aug. 9, 2021), *perm. app. denied* (Tenn. Mar. 24, 2022). The transaction was captured on an audio and video recording device, and the recording was played and entered as an exhibit at trial. *Id.* at *2. The confidential informant paid Petitioner $80 in cash and received a "small amount of brown powder." *Id.* The substance was tested by the Tennessee Bureau of Investigation ("TBI"), and the results of the testing revealed that the brown powder weighed .46 grams and contained both heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance. *Id.* "The forensic scientist who tested the powder was unable to determine the amount of heroin and fentanyl that was in the powder." *Id.*

The jury convicted Petitioner of the sale of heroin, the delivery of heroin, the sale of fentanyl, and the delivery of fentanyl and recommended fines of $50,000 for each heroin offense and $25,000 for each fentanyl offense. *Id.* Following a sentencing hearing, the trial court sentenced Petitioner as a Range III, persistent offender to thirty years of confinement for each heroin conviction and fifteen years of confinement for each fentanyl conviction. *Id.* at *3. The trial court merged the two heroin convictions and the two fentanyl convictions and ordered Petitioner to serve his sentences for his drugs convictions concurrently with each other but consecutively to his sentence on an unrelated theft conviction. *Id.* The trial court also imposed the fines as found by the jury. *Id.*

This court upheld Petitioner's convictions on direct appeal. *See id.* at *1. However, because the trial court failed to make any findings in upholding the fines assessed by the jury, this court reversed the trial court's imposition of the fines and remanded the matter to the trial court for further findings. *Id.* at *5. On remand, the trial court entered amended judgments reflecting the trial court's reduction of the total amount of the fines to $10,000. On March 24, 2022, our supreme court denied Petitioner's application for permission to appeal.

In August 2022, Petitioner filed a timely pro se petition for post-conviction relief, in which he alleged that he received ineffective assistance of counsel at trial. The State filed a response in opposition to the petition. The post-conviction court entered an order appointing counsel to represent Petitioner, but Petitioner did not file an amended petition. On August 21, 2023, an evidentiary hearing was held during which Petitioner asserted that his trial counsel ("Counsel") was ineffective in failing to have the controlled substance independently tested.

Counsel testified that he represented Petitioner at trial while Counsel was employed as an assistant public defender. Counsel estimated that he met with Petitioner "half a dozen times" and that each meeting lasted approximately one hour. Counsel stated that he reviewed discovery, which included a video recording of the controlled buy, with Petitioner. Counsel recalled that Petitioner was "clearly on the video" and "couldn't really

deny that he was there." Counsel argued at trial that Petitioner was involved in a casual exchange and that Petitioner was "sort of like a middleman" and was not the primary source of the controlled substance.

Counsel testified that Petitioner "may have" requested him to pursue additional testing of the controlled substance by an independent drug testing agency, but Counsel did not specifically recall the request. Counsel stated that independent testing of controlled substances was uncommon and that he did not see any reason to question the results of the testing conducted by the TBI in this case.

Petitioner testified that he only met with Counsel on four occasions and that each meeting lasted approximately thirty minutes. He denied receiving discovery from Counsel but acknowledged watching the video with Counsel. Petitioner stated that he requested Counsel pursue additional testing of the controlled substance by an independent company and that although Counsel assured him that he would try to have the controlled substance independently tested, no such testing was performed.

On October 13, 2023, the post-conviction court entered an order denying Petitioner's petition for post-conviction relief. The post-conviction court credited Counsel's testimony and found that Petitioner failed to establish that Counsel's performance was deficient or that any deficiency resulted in prejudice.

On March 1, 2024, Petitioner, through post-conviction counsel, filed a motion in this court requesting permission to late-file a notice of appeal. Post-conviction counsel stated that he was unaware of Petitioner's wish to appeal the post-conviction court's order until post-conviction counsel received correspondence from Petitioner on February 3, 2024. On March 14, 2024, this court entered an order granting Petitioner's motion. This court ordered Petitioner to file a notice of appeal within ten days of entry of the order. However, Petitioner did not file a notice of appeal until March 28, 2024. *See State v. Shanklin*, No. W2019-01460-SC-R11-CD, (Tenn. Mar. 24, 2022) (order).

## II. Analysis

As a preliminary matter, the State asserts that this appeal should be dismissed due to Petitioner's failure to file a timely notice of appeal. Pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Rule 4(a) goes on to explain that, unlike in civil cases, notices of appeal filed in criminal cases are "not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appellate court "shall be the court that determines whether such a waiver is in the interest of justice." *Id.*

Petitioner did not file a motion seeking to late-file his notice of appeal until almost five months after the post-conviction court entered its order denying Petitioner's petition for post-conviction relief.  Nevertheless, this court entered an order on March 14, 2024, granting Petitioner the opportunity to late-file a notice of appeal and requiring him to do so within ten days.  Because March 24 fell on a Sunday, Petitioner's notice of appeal was due on March 25.  *See* Tenn. R. App. P. 21(a).  Petitioner, however, did not file a notice of appeal until March 28.

Even when this court granted Petitioner the opportunity to file a notice of appeal despite the passage of almost five months since the entry of the post-conviction court's order, Petitioner still failed to file a notice of appeal within the time limits set forth in this court's order.  Petitioner's appellate brief does not to address his failure to file a timely notice of appeal after this court gave him a second opportunity to do so.  The State argued in its brief that this court should dismiss the appeal on untimeliness grounds, thereby putting Petitioner on notice of the timeliness issue.  Petitioner, however, failed to avail himself of the opportunity to file a reply brief addressing the issue.

This court has recognized that the appellant has the burden of properly perfecting his appeal or demonstrating that the interest of justice warrants waiver of the timely filing requirement.  *See State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (citing *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023)), *perm. app. denied* (Tenn. May 16, 2024).  Petitioner neither asked for a waiver of the requirement, nor offers any explanation for his failure to file a notice of appeal within the time set forth by this court's order.  As such, he has failed meet his burden, and we dismiss the appeal.

### III.  Conclusion

In light of the foregoing reasoning and authorities, we conclude that Petitioner's notice of appeal was not timely filed, and his appeal, therefore, is dismissed.

s/ Matthew J. Wilson
_____
MATTHEW J. WILSON, JUDGE
